I concur fully in the main opinion and in Justice Harwood's special concurrence. I write specially to explain my understanding of the structure of § 6-5-548, Ala. Code 1975, a provision of the Alabama Medical Liability Act.
Subsection (a) of § 6-5-548 states that in an action against a health-care provider alleging a breach of the standard of care, the plaintiff has the burden to prove that the health-care provider failed to exercise "such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in a like case."[9] Thus, the applicable standard of care is that of other "similarly situated health care providers."
Subsections (b) and (c) define who is a "similarly situated health care provider."[10] *Page 1022 
Anyone who meets the criteria of § 6-5-548(b) or (c) is a "similarly situated health care provider"; anyone who does not meet those criteria is not.[11] However, subsections (b) and (c) do not by their terms define who may testify as an expert witness in a medical-malpractice action; subsection (e) addresses that question. Section 6-5-548(e) provides that one "may" testify as an expert witness as to a "breach of the standard of care" "only if he or she is a "similarly situated health care provider," that is, only if he or she meets the criteria set forth in § 6-5-548(b) or §6-5-548(c).[12]
The term "may" indicates that someone has the option of doing or allowing some action or of not doing or allowing some action.See Black's Law Dictionary 1000 (8th ed.2004) ("[t]o be permitted to[;] [t]o be a possibility. . . ."). Thus, the question is who makes the decision whether to allow the expert in a medical-malpractice action to testify: the trial court or the party proffering the expert?
Section 6-5-548(e) provides that the expert may testify"only if" he or she is a "similarly situated health care provider"; it does not state that the expert may testify"if" he or she is a "similarly situated health care provider." "If" is a term of sufficiency. For example, the customer will accept the shipment "if" it has a moisture content of less than 4%; the team will clinch the pennant "if" it wins this game. There may be other ways to get the shipment accepted, perhaps, for example, by lowering the price. There may be other ways for the team to clinch the pennant, perhaps by winning not this game but the next. The alternative ways to have the shipment accepted or to clinch the pennant are unnecessary, however, "if" the shipment has a moisture content of less than *Page 1023 
4% or "if" the team wins this game. The presence of condition A is sufficient to produce consequence B. There may be alternative ways to produce B, but if condition A is met, there are no additional conditions that remain to be met in order to produce consequence B.
The term "only if," on the other hand, is a term, not of sufficiency, but of necessity. For example, the shipment will be accepted "only if" it has a moisture content of less than 4%; the team will clinch the pennant "only if it wins this game. This describes a condition of necessity, not one of sufficiency. Thus, there may be other conditions on the acceptance of the shipment,[13] but even if all of those other conditions are met, and more, the shipment will be accepted "only if" the moisture content is less than 4%. There may be other games that the team must win,[14] but even if it wins all those other games, the team will clinch the pennant "only if" it wins this game. The fulfillment of condition A is necessary to produce consequence B, although it alone may not be sufficient — there may be other, additional conditions that also must be met.[15]
Thus, under § 6-5-548, Ala. Code 1975, a part of the Alabama Medical Liability Act, an individual may not testify unless he meets the conditions specified in subsection (b) or in subsection (c); however, it is not sufficient that he has met those requirements — there may be other conditions on the testimony as well. Had the legislature provided that the witness "may testify if he is a similarly situated health care provider," then satisfying the requirements of § 6-5-548(b) or (c) would have been all that is required for the witness in a medical-malpractice action to testify as an expert. Determining whether the expert would testify would lie, not with the trial court, but with the party offering the expert. However, the legislature did not say "if"; it provided that the expert "may testify only if he is a similarly situated health care provider." Thus, it is a necessary condition that the expert meet the requirements of subsection (b) or (c), whichever is applicable; otherwise, the expert does not qualify to testify, regardless of what other criteria he or she meets. In addition to the requirements of subsections (b) and (c), there may be other, additional conditions that must be met for the expert to be permitted to testify, notably, compliance with the Alabama Rules of Evidence. The determination whether the expert may in fact testify thus lies with the trial court, constrained by law.
The foregoing understanding of § 6-5-548(e) — that the "similarly situated health care provider" requirement is a necessary condition instead of a sufficient condition to the testimony of a proffered expert in a medical-malpractice case — is a reasonable reading of that section. The alternative reading — that compliance with subsection (b) or with subsection (c) is sufficient to entitle the expert witness to testify, notwithstanding any rule of evidence to the *Page 1024 
contrary — would lead to absurd results. If §6-5-548(e) meant that there are no conditions on allowing expert testimony beyond the condition that the proffered expert satisfy subsection (b) or subsection (c), then the trial court would be precluded from applying the Alabama Rules of Evidence to exclude the testimony of an expert witness who met the criteria of § 6-5-548(b) or (c).[16]
Rule 403, Ala. R. Evid., allows the preclusion of a witness because the witness's testimony would be cumulative and a waste of the court's time.[17] Yet an interpretation of §6-5-548(e) that says that any expert who qualifies under §6-5-548(b) or (c) may testify without meeting any additional conditions would deny the trial court the right to invoke Rule 403, even if the proffered expert were the third, or fourth, or twelfth witness offered on the issue, or if the expert's testimony would be irrelevant, prejudicial, or misleading and therefore offer nothing of value to the jury.
Rule 603, Ala. R. Evid., provides: "Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness's conscience and impress the witness's mind with the duty to do so." Surely, §6-5-548(e) does not relieve the expert witness of the obligation to declare, either by oath or affirmation, that he or she will testify truthfully.[18]
I conclude, for the reasons stated above, that the language of the statute provides minimum necessary conditions a proffered expert witness in a medical-malpractice case must satisfy in order to testify. I also conclude that to construe the statute otherwise not only would violate the letter of the statute, but also would lead to absurd results.
[9] Ala. Code 1975, § 6-5-548(a), states:
 "(a) In any action for injury or damages or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care, the plaintiff shall have the burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in a like case."
[10] Ala. Code 1975, § 6-5-548(b) and (c), state:
 "(b) Notwithstanding any provision of the Alabama Rules of Evidence to the contrary, if the health care provider whose breach of the standard of care is claimed to have created the cause of action is not certified by an appropriate American board as being a specialist, is not trained and experienced in a medical specialty, or does not hold himself or herself out as a specialist, a `similarly situated health care provider' is one who meets all of the following qualifications:
 "(1) Is licensed by the appropriate regulatory board or agency of this or some other state.
 "(2) Is trained and experienced in the same discipline or school of practice.
 "(3) Has practiced in the same discipline or school of practice during the year preceding the date that the alleged breach of the standard of care occurred.
 "(c) Notwithstanding any provision of the Alabama Rules of Evidence to the contrary, if the health care provider whose breach of the standard of care is claimed to have created the cause of action is certified by an appropriate American board as a specialist, is trained and experienced in a medical specialty, and holds himself or herself out as a specialist, a `similarly situated health care provider' is one who meets all of the following requirements:
 "(1) Is licensed by the appropriate regulatory board or agency of this or some other state.
 "(2) Is trained and experienced in the same specialty.
 "(3) Is certified by an appropriate American board in the same specialty.
 "(4) Has practiced in this specialty during the year preceding the date that the alleged breach of the standard of care occurred."
[11] The significance of the words "[n]otwithstanding any provision of the Alabama Rules of Evidence to the contrary" in paragraphs (b) and (c) is that, in determining who is a "similarly situated health care provider," we do not look to the Alabama Rules of Evidence, but solely to the criteria listed in paragraphs (b) and (c).
[12] Section 6-5-548(d), Ala. Code 1975, is irrelevant to the issue raised on appeal. It prohibits in any medical-malpractice action for breaching the standard of care (1) the admission of evidence concerning medical insurance, and (2) the discovery of medical-insurance coverage limits.
Section 6-5-548(e), Ala. Code 1975, reads in full as follows:
 "(e) The purpose of this section is to establish a relative standard of care for health care providers. A health care provider may testify as an expert witness in any action for injury or damages against another health care provider based on a breach of the standard of care only if he or she is a `similarly situated health care provider' as defined above. It is the intent of the Legislature that in the event the defendant health care provider is certified by an appropriate American board or in a particular specialty and is practicing that specialty at the time of the alleged breach of the standard of care, a health care provider may testify as an expert witness with respect to an alleged breach of the standard of care in any action for injury, damages, or wrongful death against another health care provider only if he or she is certified by the same American board in the same specialty."
[13] That is, meeting the moisture-content condition may not be sufficient.
[14] That is, meeting the win condition may not be sufficient.
[15] For example, one can buy milk from the corner grocery today "only if" one gets there by 9:00 p.m. It is a necessary condition that one get to the store by 9:00 p.m.; however, in addition to getting there by 9, the grocery must have received its shipment and not sold out of the milk, and the purchaser must also pay the price of the milk.
A condition may be both necessary and sufficient. That is, there may be one and only one way to produce a particular result. In that case, the language used is "if and only if." It is the seventh game of the World Series and the team will be world champions if and only if it wins this game.
[16] The phrase "[n]otwithstanding any provision of the Alabama Rules of Evidence to the contrary" that appears both in subsection (b) and in subsection (c) applies only to the definition of a "similarly situated health care provider." The phrase does not appear in subsection (e), which addresses whether the similarly situated health-care provider may testify as an expert witness.
[17] Rule 403, Ala. R. Evid., provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."
[18] We might also ask whether Rule 615, Ala. R. Evid., which provides that "[a]t the request of a party the court may order witnesses excluded so that they cannot hear the testimony of other witnesses," is abated with respect to expert witnesses who are similarly situated health-care providers. If the trial judge considered it to be in the interest of justice to exclude the expert witness from the court-room during a particular witness's testimony, but the expert witness violated the trial court's order, would § 6-5-548(e), Ala. Code 1975, permit the expert witness to testify nonetheless? Additionally, Rule 606, Ala. R. Evid., provides that "[a] member of the jury may not testify as a witness before that jury in the trial of the case in which the juror is sitting." If a party calls one of the jurors to testify, and the juror is a similarly situated health-care provider, is the expert/juror permitted to testify notwithstanding Rule 606, Ala. R. Evid.?